IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL KOSMIN, | ) | CIVIL NO. 07-00059 ACK-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CENTEX HOMES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT**

Before the Court is Plaintiff Michael Kosmin's ("Plaintiff") Motion for Leave to File Second Amended Complaint ("Motion"), filed August 2, 2007.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai'I ("Local Rules").  After careful consideration of the Motion and the supporting and opposing memoranda, Plaintiff's Motion is HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

The instant case arises out of Defendant Centex Homes' ("Defendant") termination of Plaintiff on or about June 14, 2006, and notification that he would receive no further compensation beyond June 30, 2006.  Plaintiff originally filed his complaint on December 12, 2006, in the First Circuit Court, State of Hawai'I.  He amended the complaint on January 19, 2007.  The

First Amended Complaint ("Complaint") alleges breach of contract, anticipatory breach of contract, and intentional infliction of emotional distress.

On February 5, 2007, Defendant removed the action to the U.S. District Court for the District of Hawai'I.

Plaintiff now seeks to amend his Complaint to add a claim for breach of the covenant of good faith and fair dealing and subsequent bad faith and to amend the jurisdiction section to note that the Court has proper jurisdiction under 28 U.S.C. § 1332 and that venue is proper under 28 U.S.C. § 1391.[1]

On August 17, 2007, Defendant filed an Opposition.  It argues that Plaintiff should not be allowed to amend his Complaint because the claim that Plaintiff seeks to add - breach of covenant of good faith and fair dealing - would be dismissed anyway.  Defendant notes that the Hawai'i Supreme Court has refused to apply the theory of breach of covenant of good faith and fair dealing in the employment context.  Defendant submits that because Plaintiff was an at-will employee, Defendant had no duty of good faith or fair dealing for the alleged contract in this case.  Given the certain dismissal of Plaintiff's proposed claim, Defendant emphasizes that the Court should deny the Motion.

---

[1] Under the May 10, 2007 Rule 16 Scheduling Order, the deadline for amending the pleading is August 3, 2007.

On August 24, 2007, Plaintiff filed a Reply.  He first explains that his action is based on breach of contract, not wrongful termination or discharge.  Plaintiff argues that consequently, Defendant's reliance on Hawai'I case law is misplaced.  According to Plaintiff, this is not a case based on termination nor one in which Plaintiff's at-will status is at issue.  Rather, Plaintiff claims that this case centers around the commissions that Defendant failed to pay to Plaintiff under the contract, which is a breach of the implied covenant of good faith and fair dealing.  Plaintiff contends that the supreme court's decisions stand for the proposition that the duty of good faith is only inapplicable where a plaintiff alleges wrongful termination, not the entire at-will employment context.

## DISCUSSION

Plaintiff timely filed the Motion by the August 3, 2007 deadline to add parties or amend pleadings.  This Court should therefore freely grant leave to amend as "justice so requires."  See Fed. R. Civ. P. 15(a).  The determination whether a party should be allowed to amend a pleading is left to the discretion of the court.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971) (citation omitted).  If the facts or circumstances a plaintiff relies upon may be the basis of relief, she should be afforded an opportunity to test her claim on the merits.  See Foman v. Davis, 371 U.S. 178, 182 (1962).

Furthermore, in exercising its discretion to grant leave to amend, a court "'should be guided by the underlying purpose of Rule 15(a) . . . which was to facilitate decisions on the merits, rather than on technicalities or pleadings.'" In re Morris, 363 F.3d 891, 894 (9th Cir. 2004) (quoting James v. Pliler, 269 F.3d 1124, 1126 (9th Cir. 2001)) (alteration in original).

Courts may consider factors such as: bad faith or dilatory motive on the movant's part; whether the amendment will cause undue delay; whether it will prejudice the opposing party; futility of the amendment; and whether the movant has already failed to cure deficiencies in prior amendments of her pleadings. See Foman, 371 U.S. at 182; Morris, 363 F.3d at 894 (citation omitted). Not all of these factors carry equal weight; prejudice to the opposing party is the most persuasive factor. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted). The party opposing the motion for leave to amend bears the burden of establishing prejudice. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987) (citing Beeck v. Aqua-slide 'N' Dive Corp., 562 F.2d 537, 540 (8th Cir. 1977)). If there is neither prejudice to the opposing party nor a strong showing of the remaining factors, there is a presumption in favor of granting leave to amend. See Eminence, 316 F.3d at 1052 (citing Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 245 (5th Cir. 1997)).

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). An amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted).

The crux of Defendant's opposition to the proposed amendment is that it would be futile, given the Hawai'I Supreme Court's determination that the covenant of good faith does not apply in the at-will employment context. In Parnar v. Americana Hotels, Inc., the Hawai'I Supreme Court elected not to impose a requirement of good faith with respect to the termination of an at-will employee, 65 Haw. 370, 377, 652 P.2d 625, 629 (1982). In so holding, the court reasoned that "to imply into each employment contract a duty to terminate in good faith would seem to subject each discharge to judicial incursions into the amorphous concept of bad faith. We are not persuaded that protection of employees requires such an intrusion on the employment relationship or such an imposition on the courts." Id.; see also Francis v. Lee Enters., Inc., 89 Hawai'I 234, 242, 971 P.2d 707, 715 (1999).

Although recognizing the at-will employment doctrine enunciated in Parnar, the supreme court in Best Place, Inc. v.

5

Penn America Insurance Co., held that the obligation to deal in good faith is a well-established principle of contract law, 82 Hawai'I 120, 124, 920 P.2d 334, 338 (1996).  Explaining its holding in Parnar, the court stated:

> we noted that an at-will employment contract, by definition, is terminable at the will of either party, for any reason or no reason at all. As such, parties to an at-will employment contract enter into the contract with full knowledge that the employment is for an indefinite duration and can terminate at the will of either party. Given the unique nature of the at-will employment relationship, this court refused to imply a duty to terminate in good faith. Our holding in Parnar, however, is limited to the at-will employment context, and Hawai'I continues to adhere to the general principle that, in every contract, the law imposes on the parties a duty of good faith and fair dealing.

Id. at 125, 920 P.2d 334, 339.

Based on the directive of Rule 15(a) that amendments should be granted freely, the broad discretion afforded the district court, and the fact that Plaintiff timely moved to amend, this Court grants his request for leave to amend his Complaint.  While Defendant has made a spirited argument that the proposed amendment may be futile, Plaintiff argues that the amended claims are based on breach of contract, not for wrongful termination.  Because the Court is guided by the principle of allowing Plaintiff to test his claims on their merits, the Court finds that this issue should more appropriately be resolved on the merits.  The Court additionally notes that because discovery

is still in its early stages and the discovery deadline is not until January 4, 2008, Defendant will not be prejudiced by the proposed amendments.

## CONCLUSION

For the foregoing reasons, the Court HEREBY GRANTS Plaintiff's Motion for Leave to File Second Amended Complaint, filed on August 2, 2007.  Plaintiff shall file the proposed Second Amended Complaint attached as Exhibit 1 to the Motion by no later than September 19, 2007.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 30, 2007.



　　　　　　　　　　　　　　/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**MICHAEL KOSMIN V. CENTEX HOMES; CIVIL NO. 07-00059 ACK-LEK; ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**